UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CONNIE MAYS,
    Plaintiff,

vs.

VETERANS CANTEEN SERVICE, et al.,
    Defendants.

Case No. 1:17-cv-808

Litkovitz, M.J.

**ORDER**

Plaintiff Connie Mays brings this pro se action against the Veterans Canteen Service ("VCS")[1] and Charles Doyle[2] alleging a breach of a settlement agreement under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e. (Doc. 7, at PageID 22-23). This matter is before the Court on defendant the Secretary of the Department of the Veterans Affairs'[3] motion to dismiss (Doc. 35) and plaintiff's response in opposition (Doc. 37).

## I. Factual Allegations

The complaint and attachment thereto[4] allege the following facts. Plaintiff worked as an acting supervisor at the VCS in Cincinnati, Ohio. Several years ago, she initiated the Equal

---

[1] "VCS is part of the Department of Veteran Affairs and 'is an instrumentality of the United States, created for the primary purpose of making available to veterans of the Armed Forces who are hospitalized or domiciled in hospitals and homes of the Department, at reasonable prices, articles of merchandise and services essential to their comfort and well-being.'" *Morgan v. Veterans Canteen Serv.*, No. 1:17-cv-3671, 2018 WL 3208195, at *1 (S.D. Ind. June 29, 2018) (citing 38 U.S.C. § 7801).

[2] Mr. Doyle is not mentioned in the body of the complaint or the attachments thereto, and it is not clear what role, if any, he had in the actions alleged by plaintiff.

[3] "42 U.S.C. §§ 2000e–16 and 2000e–5 provide that the sole defendant in a federal discrimination suit shall be the head of the agency." *Tolliver v. Thomas*, 914 F.2d 258 (6th Cir. 1990) (citing *Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir. 1988)). Therefore, the proper defendant in this case is the Secretary of the Department of Veterans Affairs and not the Veterans Canteen Service or Charles Doyle. Apparently recognizing this fact, the Secretary of the Department of Veterans Affairs appears in this case for defendants. The Court shall construe this matter as brought against the Secretary only and dismisses this case against the Veterans Canteen Service and Charles Doyle.

[4] In ruling on a motion to dismiss under Rule 12(b)(6), the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l*

Employment Opportunity ("EEO") complaint process believing she had been the subject of unlawful discrimination. On March 13, 2013, plaintiff and the Department of Veterans Affairs ("the Agency") entered into a settlement agreement to resolve the dispute. The settlement agreement provides, in relevant part:

> The VCS Assistant Canteen Chief will submit a corrected SF-50 form for the award of retroactive back pay due to Complainant. This back pay began on June 1, 2012 and ended on October 9, 2012 for Complainant when she assumed and performed the supervisory duties during the absence of a supervisor during this period. The VCS Assistant Canteen Chief will re-submit the corrected form to Payroll within 15 days of the final signature on this agreement and Complainant will be provided a copy of the action for her records.

(Doc. 7, at PageID 26).

On or about February 15, 2017, plaintiff sent a letter to the Agency alleging that the Agency breached the settlement agreement. Plaintiff alleged the Agency failed to provide her with the retroactive backpay for June 1, 2012 to October 9, 2012 at the same rate that her Caucasian counterpart received. Plaintiff alleged that for the last three years she "had been working with someone from Human Resources to establish what the proper rate was but was unable to garner the information." (*Id.*).

On March 14, 2017, the Agency dismissed plaintiff's allegation of breach of the settlement agreement as untimely under 29 C.F.R. § 1614.504(a). It also dismissed her argument regarding the disparity in salaries as beyond the scope of the settlement agreement. On September 25, 2017, the United States Equal Employment Opportunity Commission (EEOC) affirmed the dismissal of plaintiff's administrative complaint on appeal. (*Id.*).

Plaintiff appealed the EEOC decision to this federal court, alleging that the VCS agreed to make her whole following the informal mediation. Plaintiff states she is "still not at the pay

---

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

grade or step raise" that she should be. (*Id*., at PageID 23). Plaintiff states that after five years she brought this to the attention of the regional director, but he presented her with the "same job description and lower the grade down." (*Id*., at PageID 23-24). As relief, plaintiff seeks the appropriate back pay, pay grade, and step increase. (*Id*., at PageID 24).

## II. Defendant's motion to dismiss

Defendant Secretary of the Department of Veterans Affairs moves to dismiss the complaint for plaintiff's failure to timely exhaust her administrative remedy for enforcing the settlement agreement under 29 C.F.R. § 1614.504. This regulation provides, in relevant part:

> Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. Final action that has not been the subject of an appeal or civil action shall be binding on the agency. If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(a). Defendant contends that plaintiff failed to notify the EEO Director of the breach of the settlement agreement within 30 days of the alleged noncompliance and instead waited nearly four years to notify the Agency of the breach. Although defendant is correct in its assessment, the Court dismisses this case on an alternate ground: lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[5]

It is well-settled that the United States is immune from suit except where such immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002); *Ecclesiastical Order of the Ism of Am, Inc. v.*

---

[5]"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd*., 556 F.3d 459, 465 (6th Cir. 2009).

*Chasin*, 845 F.2d 113, 115 (6th Cir. 1988). The Department of Veterans Affairs is an agency of the United States government and therefore cannot be sued absent a Congressional waiver of sovereign immunity. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990). Any waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957). *See also Lane v. Pena*, 518 U.S. 187, 192 (1996). Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

While the United States has waived its sovereign immunity for employment discrimination suits brought by federal employees under 42 U.S.C. § 2000e–16(c), it has not waived immunity for suits alleging a breach of settlement agreement by an agency of the United States. *See Taylor v. Geithner*, 703 F.3d 328 (6th Cir. 2013). In *Taylor*, the Sixth Circuit held that the government's sovereign immunity for Title VII claims alleging the government's breach of a settlement agreement has not been waived by statute or regulation. "[N]othing in 42 U.S.C. § 2000e–16(c) indicates that it is intended to waive sovereign immunity for claims other than discrimination." *Id*. at 335. Nor does the pertinent regulation expressly waive sovereign immunity for such claims. *Id*. Instead, Congress limited its waiver of sovereign immunity to the remedies specifically provided in 29 C.F.R. § 1614.504. *Id*. Section 1614.504 sets forth the "exclusive procedures by which a complainant may seek relief" for breach of a settlement agreement. *Id*. A complainant may either: (1) "seek injunctive relief, i.e., specific performance of the settlement agreement, within the agency structure"; or (2) request reinstatement of the underlying claims—"what is essentially an unraveling of the settlement agreement so that the complainant can pursue the underlying discrimination claims." *Id*. Only if the complainant

4

requests reinstatement and exhausts her administrative remedies can the claims be reviewed in federal court. *Id*. *See also Munoz v. Mabus*, 630 F.3d 856, 862 (9th Cir. 2010) ("Had Munoz chosen to reinstate his underlying discrimination complaint instead of seeking specific performance, his claim could eventually have been heard in federal court after exhausting administrative procedures.").

In this case, the Court is without jurisdiction over plaintiff's breach of settlement agreement claim. Section § 1614.504(a) does not permit federal court enforcement of the settlement agreement in this case. Nor did plaintiff seek reinstatement of her underlying discrimination claim giving rise to the settlement agreement, which could have been heard by the federal court after plaintiff had exhausted her administrative remedies. Therefore, this Court is without jurisdiction to review her breach of settlement agreement claim in this case. This case is **DISMISSED** for lack of subject matter jurisdiction, and defendant's motion to dismiss (Doc. 35) is **DENIED** as moot.

**IT IS SO ORDERED**.

Date: 5/13/2020

Karen L. Litkovitz
United States Magistrate Judge